## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD EDDMONDS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO.  05-731-GPM |
| | ) |
| CHARLES HINSLEY, MR. HOFFMAN, | ) |
| MR. WALKER, MR. TAYLOR, and | ) |
| LARRY J. QUERTERMOUS, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, currently an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions

of this action are legally frivolous and, thus, subject to summary dismissal.

<u>CLAIMS PRESENTED</u>

On July 11, 2004, while he slept in his cell at the Menard Correctional Center, Plaintiff was viciously assaulted by his cellmate, Carothers, who stabbed him in the eye with a ballpoint pen and then choked him in a head lock for several minutes.  Defendant Quertermous was the first to arrive, followed shortly by Defendant Walker.  By the time Defendant Taylor arrived, Plaintiff had broken free from Carothers's hold.  Taylor directed Plaintiff to allow himself to be handcuffed before being removed from the cell; Plaintiff reluctantly complied with this order.  He was then removed from the cell and immediately rushed to the medical unit.   From this event, Plaintiff presents three separate claims.  Plaintiff first alleges that Defendants Hinsley and Hoffman assigned him to a cell with Carothers, an inmate they knew to be mentally unstable with a history of assaultive behavior. Next, he alleges that Quertermous and Walker failed to intervene in a timely manner.  Finally, he alleges that Taylor placed him at risk of further harm by insisting on handcuffing him while he was still in the cell with Carothers.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Luttrell v. Nickel*, 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.   *Farmer*, 511 U.S. at 834.  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id.*; *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999).  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to

his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

In this case, Plaintiff alleges that Carothers frequently visited the psychiatrist and took psychotropic medication twice a day. Although Plaintiff complained to unspecified officers about the fact that Carothers talked to himself and asked to move to another cell, he does not allege that he told anyone he believed his safety to be at risk. However, Plaintiff also alleges that Hinsley and Hoffman were aware of Carothers's history of assaulting his cellmates, yet they continued to house Carothers in general population, which put him at risk of assault. Based on these allegations, the Court is unable to dismiss this claim against Hinsley and Hoffman at this point in the litigation.

Plaintiff next asserts that because Quertermous and Walker merely stood by and watched Carothers choke him until Taylor arrived, they are liable for his injuries due to their failure to intervene. Many courts have held that "[a] prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994). *See also Wright v. Jones*, 907 F.2d 848, 850 (8th Cir. 1990); *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 14 (1st Cir. 1990); *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir.), *cert. denied*, 484 U.S. 870 (1987). *But see Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002) (officer should not be required to put himself at risk by breaking up a fight between two inmates armed with weapons); *MacKay v. Farnsworth*, 48 F.3d 491, 493 (10th Cir. 1995) (failing to intervene between inmates fighting with weapons is not deliberate indifference); *Arnold v. Jones*, 891 F.2d 1370, 1373 (8th Cir. 1989) (if intervening in a prison fight could cause serious injury, guards have no duty to do so as a matter of law).

At this point in the litigation, the Court is unable to dismiss this claim against Quertermous

and Walker.

Plaintiff's final claim is that Taylor should not have asked him to cuff up while he was still in the cell with Carothers, as that action potentially placed Plaintiff at risk of further assault. Although the Court understands Plaintiff's reasoning, such allegations suggest only that Taylor's decision may have been negligent. However, a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Accordingly, this claim against Taylor is dismissed from this action with prejudice.

## PENDING MOTIONS

Plaintiff's first motion (Doc. 2) asks that the Court accept his complaint with an altered first page; he states that the form did not provide enough space for him to list all five Defendants. This motion is **GRANTED**.

Plaintiff's second motion seeks appointment of counsel (Doc. 4). There are five factors which a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983), *cert. denied*, 464 U.S. 986 (1983); *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982); *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981); *Wilson v. Duckworth*, 716 F.2d 415 (7th Cir. 1983).

After examining the documents submitted to this Court by Plaintiff, it appears that he is more than capable of presenting his case and handling the issues involved. Therefore, the Court finds that appointment of counsel is not warranted at this time, and the motion for appointment of counsel is

**DENIED**.

Plaintiff's final motion seeks a status report in this matter (Doc. 11); he wishes to know whether he was granted pauper status, whether counsel was appointed, and whether Defendants have been served.  Yes, no, and no; this motion is now **MOOT**.

<u>DISPOSITION</u>

**IT IS HEREBY ORDERED** that Defendant **TAYLOR** is **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **HINSLEY, HOFFMAN, QUERTERMOUS,** and **WALKER**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **HINSLEY, HOFFMAN, QUERTERMOUS,** and **WALKER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections (IDOC) who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute

arise), and any documentation of the address shall be retained only by the Marshal.  Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service, as well as any requests for waivers of service that are returned as undelivered, as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED:  08/09/06


s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge