# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD EDDMONDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLES HINSLEY, RICKY ) <br> HOFFMAN, ROBERT E. WALKER, and ) <br> LARRY J. QUERTERMOUS, ) <br> ) <br> Defendants. ) | CIVIL NO. 05-731-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On March 24, 2008, after a telephonic motion hearing, the Court granted Defendants' motion for summary judgment. Plaintiff has filed a motion asking the Court to reconsider its decision (Doc. 55). Defendants filed a timely response (Doc. 63), and Plaintiff replied (Doc. 66).

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'" *Id.* (citations omitted). Judgment was entered in this action on March 24, 2007 (*see* Doc. 54), and the instant motion was filed on April 8, 2008, one day after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will thus construe the motion as filed

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

No such mistake or inadvertence is present, and therefore the Court **DENIES** the motion to reconsider. Plaintiff has filed a notice of appeal, and he can present his arguments to the Court of Appeals.

**IT IS SO ORDERED.**

DATED: 5/5/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge